UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CLEVELAND LOVETT III,

    Plaintiff,

    v.

RICKY MEYERS, THE COLONY HOMEOWNERS ASSOCIATION,

    Defendants.

Case No. 2:26-cv-01460-APG-EJY

**ORDER**

Pro se Plaintiff Cleveland Lovett III filed an application to proceed *in forma pauperis* ("IFP") along with a Complaint. ECF Nos. 1, 1-1. Because Plaintiff's IFP application is incomplete, Plaintiff must submit a complete long form IFP application[1] before the Court screens his Complaint.

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." As explained by *Harper v. San Diego City Admin. Bldg.*, Case No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016), the financial "affidavit must include a complete statement of the plaintiff's personal assets." The Ninth Circuit recognizes "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).

An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide herself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). Misrepresentation of assets is sufficient grounds, by itself, for denying an *in forma*

---

[1] Though the Court orders the Clerk of Court to mail Plaintiff a copy of the long form IFP application, Plaintiff may also access the form through the U.S. District Court for the District of Nevada's website using the following link. https://www.nvd.uscourts.gov/wp-content/uploads/2022/02/ao239_1.pdf.

1

*pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2). If an individual is unable or unwilling to verify her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See*, *e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty.").

Here, Plaintiff's IFP application is, at best, incomplete. Plaintiff submitted the Short Form IFP application and answered every question, including his wages and housing expenses with "N/A." ECF No. 1 at 1-2. There is reason to doubt the accuracy of these answers; Plaintiff states in his Complaint that he is a homeowner and brings claims against his Homeowners Association. ECF No. 1-1 at 2. An individual cannot live on zero dollars, which is what Plaintiff professes. In sum, the Court cannot determine if Plaintiff qualifies for *in forma pauperis* relief and, therefore, finds Plaintiff's IFP application must be denied.

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff has **one** opportunity to file a complete **long form IFP application**. The application **must** be filed no later than **June 3, 2026**. All questions must be answered. Upon receipt of a completed IFP application that allows the Court to assess Plaintiff's ability to prepay the filing fees for commencing a civil action, the Court will issue an order or recommendation regarding how the case may proceed.

IT IS FURTHER ORDERED that the Court will retain, but not file Plaintiff's Complaint unless and until Plaintiff timely files a complete IFP application.

IT IS FURTHER ORDERED that the Clerk of the Court will send Plaintiff the approved long form application to proceed *in forma pauperis* by a non prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order, either by failing to submit the long form IFP application or failing to complete the form in its entirety, the Court will recommend this matter be dismissed in its entirety.

Dated this 20th day of May, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE