UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLEVELAND LOVETT III,<br><br>Plaintiff,<br><br>v.<br><br>RICKY MEYERS, THE COLONY HOMEOWNERS ASSOCIATION,<br><br>Defendants. | Case No. 2:26-cv-01460-APG-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION** |

Pending before the Court are Plaintiff's Corrected Application for Leave to Proceed *in forma pauperis* (ECF No. 7) and Complaint averring violations of federal and state laws (ECF No. 1-1). Plaintiff's IFP is complete and is granted. Unfortunately, Plaintiff's Complaint alleges insufficient facts to allow for a meaningful review by the Court. The Court dismisses the majority of Plaintiff's claims without prejudice and with leave to amend. The Court includes instructions for what Plaintiff must allege to state his claims. In addition, the Court recommends two of the causes of action be dismissed without prejudice, but without leave to amend.

## I. Screening Standard

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Plaintiff's Complaint**

Plaintiff alleges that his neighbor, Ricky Meyers, and the Colony Homeowners Association (the "HOA") have targeted him since June 2022 through "repeated harassment and enforcement actions." ECF No. 1-1 at 2. Plaintiff does not describe the harassment, connect the harassment to any named defendant, or provide a timeline of events. Instead, Plaintiff generally alleges that there were numerous baseless complaints submitted by unidentified individuals to the HOA, prompting the HOA to issue citations and notices followed, eventually, by hearings regarding Plaintiff's conduct that he fails to describe. *Id*. at 2-3. Apparently, law enforcement and animal control officers became involved at some unspecified time; however, it is unclear what prompted their involvement.

*Id*. at 2. Nonetheless, the Court's liberal review of the Complaint supports that at least some complaints lodged against Plaintiff arose from him walking a dog off leash while others in the neighborhood who walked dogs off leash were not subjected to complaints or enforcement actions. *Id*. at 3. Plaintiff also alleges that Defendant Meyers used "derogatory and hostile language" towards him (*id*.), and expresses a belief that complaints filed against him were not neutrally evaluated by the HOA. Based on the foregoing, Plaintiff asserts violations of the Fair Housing Rights Act ("FHA"), 42 U.S.C. 1982, Civil RICO, Civil Conspiracy, and various claims arising under state law. *Id*. at 4-5.

## III. Discussion

### a. Claims the Court Recommends Be Dismissed Without Prejudice, but Without Leave to Amend.

#### *1. Section 1982*

Section 1982 of the Civil Rights Act of 1866 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. To state a *prima facie* claim, Plaintiff must allege (1) he is a member of a racial minority, (2) he applied for and was qualified to rent or purchase certain property or housing, (3) he was rejected, and (4) the housing or rental opportunity remained available thereafter. *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980) (collecting cases). Plaintiff states that Defendants "interfered with Plaintiff's right to use and enjoy his dwelling free from discrimination." ECF No. 1-1 at 1; *see also id*. at 4-5. However, there is no allegation, suggestion, or reasonable inference one can draw from Plaintiff's Complaint that pertain to the deprivation of the right to rent or purchase a home. Instead, the few facts alleged by Plaintiff makes it clear he is concerned with enforcement activities by his HOA. The Court finds Plaintiff's claims neither arise from nor are they reasonably related to protections afforded by 42 U.S.C. § 1982. For this reason the Court recommends this claim be dismissed without prejudice, but without leave to amend in this action.

*2. Abuse of Process*

To state an abuse of process claim Plaintiff "must allege: (1) the defendant had an ulterior purpose in the underlying lawsuit other than resolving a legal dispute, and (2) the defendant willfully and improperly used the legal process to accomplish that purpose." *Mazzeo v. Gibbons*, Case No. 2:08-cv-01387-RLH, 2010 WL 2976099, at *2 (D. Nev. July 26, 2010) (citing *LaMantia v. Redisi*, 38 P.3d 877, 880 (Nev. 2002)). Abuse of process claims arise from civil and criminal proceedings. *LaMantia*, 38 P.3d at 879. The gravamen of Plaintiff's Complaint concerns what he generally asserts were unfair HOA proceedings—not civil or criminal proceedings. The Court finds no basis to reasonably infer that any legal proceedings occurred or that such proceedings had an improper ulterior purpose. For these reasons, the Court recommends Plaintiff's abuse of process claim be dismissed without prejudice, but without leave to amend.

b. <u>The Court Dismisses the Following Claims with Leave to Amend</u>.

The Court finds Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must include sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). Here, Plaintiff does not offer a short and plain statement of facts that provides Defendants with fair notice of the basis for his claims. If Plaintiff chooses to file an amended complaint, he must allege facts identifying what each named defendant did or failed to do—that is, his/her/its actions or inactions—supporting the elements of each claim he asserts.

*1. FHA Discrimination*

"Section 3604(b) of the FHA prohibits discrimination on protected grounds … 'in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith." *Morris v. W. Hayden Ests. First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1139 (9th Cir. 2024) (quoting 42 U.S.C. § 3604(b)). To state a claim under § 3604(b), Plaintiff must show he was subject to different "terms, conditions, or privileges because of a protected status."

*Elliott v. QF Circa 37, LLC*, Case No. 16-cv-0288-BAS-AGS, 2018 WL 2933467, at *15 (S.D. Cal. June 12, 2018) (quoting *Inland Mediation Bd. v. Cty. Of Pomona*, 158 F.Supp.2d 1120, 1148 (C.D. Cal. 2001)). "A plaintiff may plead and prove discrimination based either on disparate treatment due to membership in a protected group or the disparate impact of a facially neutral policy on a protected group." *Id.* (citations omitted).

Liberally construed, the Court finds Plaintiff is alleging disparate treatment due to his race. *See* ECF No. 1-1 at 1, 4-5. Disparate treatment claims are "often reviewed using the three-stage burden shifting test derived from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)." *Alfieri v. Cortland Mgmt. LLC*, Case No. CV-25-04360-PHX-KML, 2025 WL 3439821, at *2 (D. Ariz. Dec. 1, 2025) (quoting *Morris*, 104 F.4th at 1139). Thus, Plaintiff must allege sufficient facts to show (1) he is a member of a protected class, (2) he suffered an adverse impact, and (3) the adverse impact "was at least, in part, because of his protected class status." *Id.* (internal citations and quotations omitted). To support this claim, Plaintiff must identify "some concrete adverse impact"; for example, a fine. *Id.* Though Plaintiff has alleged his protected status, he does not allege facts demonstrating that he suffered an adverse impact or that the adverse impact was, in part, because of his race. Plaintiff is granted leave to file an amended complaint in which he may include this claim. The revised allegation must include facts that at a minimum must facially establish Plaintiff suffered an adverse impact and that impact was at least, in part, because of his race.

2. *FHA Retaliation*

Section 3617 of the FHA prohibits the "'coercion, intimidation, threatening, or interference with any person in the exercise or enjoyment of' rights protected by other provisions of the FHA." *Morris*, 104 F.4th at 1142 (cleaned up) (citing 42 U.S.C. § 3617). To state the claim, Plaintiff must allege facts demonstrating "(1) [he] was engaged in an activity protected by the FHA; (2) the defendant subjected [him] to an adverse action causally linked with the plaintiff's exercise of a protected activity, and (3) the plaintiff suffered injury." *Elliot*, 2018 WL 2933467 at *19. Plaintiff does not allege any facts that support the elements of this claim. Instead, Plaintiff states a conclusion that "Defendants coerced, intimidated, and interfered with … [his] housing rights." ECF No. 1-1 at 4. In amendment, Plaintiff must allege facts demonstrating he engaged in protected activity, he

suffered some adverse action arising from his protected activity, and that he suffered injury as a result of that adverse action.

*3. Federal Civil RICO*

To state a civil RICO claim Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). To satisfy the second element, Plaintiff "must plead that the enterprise has (A) a common purpose, (B) a structure or organization, and (C) longevity necessary to accomplish the purpose." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citation omitted).

In order to show a "pattern of racketeering activity" Plaintiff must allege "at least two acts of racketeering activity, which must be 'related' and 'amount to or pose a threat of continued criminal activity.'" *Nutrition Distribution LLC v. Custom Nutraceuticals LLC*, 194 F.Supp.3d 952, 957 (D. Ariz. 2016) (cleaned up) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). "Where RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by *each* defendant." *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F.Supp.2d 1002, 1035 (C.D. Cal. 2011) (citing *United States v. Persico*, 832 F.2d 705, 714 (2d Cir. 1987), *cert. denied,* 486 U.S. 1022 (1988)). As to the predicate acts, "'[r]acketeering activity' is defined in 18 U.S.C. § 1961(1)(B) as including any act 'indictable' under certain enumerated federal criminal statutes." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399 (9th Cir. 1986). To the extent Plaintiff is basing his civil RICO claim on fraud, he must satisfy the pleading requirements of Fed. R. Civ. P. 9(b), meaning, he must "state the time, place, and specific content of the false representation as well as the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) (citations and quotations omitted). Lastly, the fifth element requires Plaintiff to show (A) "his injury was proximately caused by the [prohibited] conduct," and (B) "he has suffered a concrete financial loss." *Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1021 (9th Cir. 2001) (citation omitted).

Plaintiff's Complaint does not state facts supporting the elements of a RICO claim. Plaintiff alleges that the two Defendants in this case, Ricky Meyer and the HOA "formed an enterprise," but that is a legal conclusion. Similarly, Plaintiff alleges a "pattern of racketeering activity" but he does not identify conduct that would be indictable under federal statute. To the extent Plaintiff is alleging the existence of some kind of fraud, he must identify "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotations and citations omitted). Moreover, Plaintiff states that he has "suffered injury to property and business or financial interests" but he does not identify these injuries. *See* ECF No. 1-1 at 5. Altogether, Plaintiff fails to state a federal RICO claim. If he chooses to amend his Complaint, Plaintiff must allege sufficient facts to support each element of this claim as explained above.

*4. Civil Conspiracy*

It is unclear from the Complaint if Plaintiff is attempting to plead a state law civil conspiracy claim or a conspiracy under 42 U.S.C. §1985. If Plaintiff is attempting to state the former, he must show "(1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort." *Boorman v. Nevada Me'l Cremation Soc'y, Inc.*, 772 F.Supp.2d 1309, 1315 (D. Nev. 2011). As to the latter, Plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983). "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiff offers only that "Defendants reached an agreement to accomplish unlawful objectives" and acted through "coordinated complaints, hearings, and enforcement actions." ECF No. 1-1 at 5. In amendment Plaintiff must allege sufficient facts to allow the Court to meaningfully

screen his amended complaint to determine if he is stating a claim for conspiracy to deprive his civil rights, or a claim under state law.

*5. NRS 41.690*

"NRS 41.690 provides a cause of action for any person injured as a result of the willful violation of over 50 enumerated criminal statutes, if the perpetrator was motivated by certain characteristics of the injured person, including the person's race." *Guillen v. B.J.C.R, L.L.C.*, Case No. 3:20-cv-00317-ART-CSD, 2024 WL 2138338, at *6 (D. Nev. Mar. 31, 2023). Plaintiff identifies harassment as the basis for his claim (ECF No. 1-1 at 5), a crime a person is guilty of under Nevada law if:

> (a) without lawful authority, the person knowingly threatens: (1) to cause bodily injury in the future to the person threatened or to any other person; (2) to cause physical damage to the property of another person; (3) to subject the person threatened or nay other person to physical confinement or restraint; or (4) to do any act which is intended to substantially harm the person threatened or any other person with respect to his or her physical or mental health or safety; and (b) the person by words or conduct places the person receiving the threat in reasonable fear that the threat will be carried out.

NRS 200.571. Plaintiff only lists this as a cause of action; he does not connect his claim to a particular defendant or identify facts demonstrating harassment. ECF No. 1-1 at 5. While Plaintiff states that Defendant Meyers used "derogatory and hostile language" against him at some point in time, he does not allege any facts that allow the Court to reasonably infer this language amounted to a threat of bodily injury, property damage, physical confinement, or anything intended to result in substantial harm to physical and mental health. *See Id.* at 3. The Court finds it to be at best, unlikely, that any facts exist that would tend to support Plaintiff's ability to bring this claim. But because it is possible, Plaintiff is granted leave to amend.

*6. Defamation*

To state a claim for defamation under Nevada law, Plaintiff must allege "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Rosen v. Tarkanian*, 453 P.3d 1220, 1225 (Nev. 2019) (quotation omitted). Plaintiff states that he is bringing a claim for defamation, but he fails to identify any statement or other facts that support this

claim. ECF No. 1-1 at 5. Plaintiff's defamation claim is dismissed without prejudice, but with leave to amend.

*7. Intentional Infliction of Emotional Distress (IIED)*

Under Nevada law Plaintiff must plead facts demonstrating: "(1) extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually suffered extreme or severe emotional distress; and (4) causation." *Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Manansingh v. United States*, Case No. 2:20-cv-01139-DWM, 2024 WL 1638638, at *3 (D. Nev. Apr. 15, 2024) (quoting *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (per curiam) (internal quotation marks omitted). "Liability for emotional distress will not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Candelore v. Clark Cnty. Sanitation Dist.*, 975 F.2d 588, 591 (9th Cir. 1992) (quoting Restatement (Second) of Torts § 46 cmt. d (1965). Here, Plaintiff only lists IIED as a cause of action. ECF No. 1-1 at 5. As is true for the claims above, Plaintiff fails to state an emotional distress claim. The claim is dismissed without prejudice and with leave to amend.

**IV. Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 7) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed on the docket.

IT IS FURTHER ORDRED that Plaintiff's FHA Discrimination, FHA Interference, Civil RICO, Civil Conspiracy, NRS 41.690, Defamation, and IIED claims are dismissed without prejudice and with one opportunity to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so no later than **August 14, 2026**. The amended complaint must be titled "AMENDED COMPLAINT" and must be complete—meaning all facts and all claims Plaintiff wishes to assert—must be stated in the amended complaint. Plaintiff must not include claims recommended for dismissal with prejudice below.

IT IS FURTHER ORDERED that failure to file an amended complaint in compliance with the terms of this Order will result in a recommendation to dismiss this matter in its entirety.

**V. Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claim arising under 42 U.S.C. § 1982 be dismissed without prejudice, but also without leave to amend. This statute is inapplicable to the claims raised in Plaintiff's Complaint.

IT IS FURTHER RECOMMENDED that Plaintiff's Abuse of Process claim be dismissed without prejudice, but without leave to amend. Plaintiff does not state, nor are there any facts demonstrating that he could state this claim based on the totality of the allegations no matter how liberally construed.

Dated this 20th day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).