UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLEVELAND LOVETT III,<br>Plaintiff,<br>v.<br>RICKY MEYERS, THE COLONY HOMEOWNERS ASSOCIATION,<br>Defendants. | Case No. 2:26-cv-01460-APG-EJY<br>**ORDER and REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff's Amended Complaint. ECF No. 12. Plaintiff's IFP was granted on July 20, 2026. ECF No. 10. The Court screens the Amended Complaint and finds as follows.

**I. Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin

by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Plaintiff's Complaint**

Plaintiff alleges he has been verbally harassed by his neighbor Rick Meyers, also the Colony Homeowners Association ("HOA") president, roughly four to five times each week since June 2022 while walking his dog along the common area pathway between his home and the community's dog park. ECF No. 12 at 2. Plaintiff, who identifies as African American, specifically alleges that on November 17, 2023, Meyers called him "boy" and "faggot" and told Plaintiff he did not "belong here." *Id*. Plaintiff submits that Meyers used similar language to harass and threaten him over a two-year period. *Id*. at 2, 7.

Concurrent with the alleged harassment, Colony HOA apparently received several complaints about Plaintiff walking his dog on the common area pathway. *Id*. at 3. Plaintiff contends that some of these complaints were made by Meyers who then acted on the complaints by issuing citations. In fact, Plaintiff says Meyers eventually called Clark County Animal Control. *Id*. Plaintiff alleges that others in his neighborhood, who are not African American, walked their dogs in the same common areas and in the same manner as he did without prompting complaints or receiving citations. *Id*.

Plaintiff further contends Meyers filed an "Application for an Order for Protection Against Stalking against him" in Las Vegas Justice Court that was denied. *Id*. Plaintiff avers he spoke at the June 24, 2026 Colony HOA meeting objecting to "any further enforcement action against his household" contending none of the notices or citations issued identified the rule he supposedly violated. *Id*. Plaintiff says that despite his objection, he received another citation shortly after the June meeting. *Id*. at 4. Through the Amended Complaint, Plaintiff asserts claims against Meyers and Colony HOA under the Fair Housing Act ("FHA") and various state laws.

**III. Discussion**

a. <u>Plaintiff's FHA Claims May Proceed</u>.

*1. Discrimination under § 3604(b)*.

"Section 3604(b) of the FHA prohibits discrimination … 'in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith." *Morris v. W. Hayden Ests. First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1139 (9th Cir. 2024) (quoting 42 U.S.C. § 3604(b)). To state a claim under § 3604(b), Plaintiff must show he was subject to different "terms, conditions, or privileges because of a protected status." *Elliott v. QF Circa 37, LLC*, Case No. 16-cv-0288-BAS-AGS, 2018 WL 2933467, at *15 (S.D. Cal. June 12, 2018) (quoting *Inland Mediation Bd. v. Cty. Of Pomona*, 158 F.Supp.2d 1120, 1148 (C.D. Cal. 2001)). "A plaintiff may plead and prove discrimination based either on disparate treatment due to membership in a protected group or the disparate impact of a facially neutral policy on a protected group." *Id*. (citations omitted). Disparate treatment claims are "often reviewed using the three-stage burden shifting test derived from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)." *Alfieri v. Cortland Mgmt. LLC*, Case No. CV-25-04360-PHX-KML, 2025 WL 3439821, at *2 (D. Ariz. Dec. 1, 2025) (quoting *Morris*, 104 F.4th at 1139). Thus, Plaintiff must allege sufficient facts to show (1) he is a member of a protected class, (2) he suffered an adverse impact, and (3) the adverse impact "was at least, in part, because of his protected class status." *Id*. (internal citations and quotations omitted).

Plaintiff's allegations demonstrate he is a member of a protected class based on his race. The alleged notices and citations Plaintiff claims to have received facially satisfy the requirement that he

suffered adverse impact prohibited by law. Finally, Plaintiff alleges facts that suffice to demonstrate the citations issued were at least, in part, prompted by his race as demonstrated by the alleged verbal racial harassment engaged in by Meyers. These facts when viewed, as they must be, liberally and in a light favorable to Plaintiff, state a claim against Meyers and Colony HOA under the FHA.

*2. Hostile Housing Environment under § 3604(b).*

In *Morris*, *supra*, the Ninth Circuit found that tolerance of harassment from other residents may subject an HOA to liability under the FHA. 104 F.4th at 1146. To state a claim for a hostile housing environment against an HOA Plaintiff must allege "he was subjected to (1) severe or pervasive harassment, (2) that was based on a protected characteristic, … and (3) that the defendant is responsible for the resulting hostile housing environment." *Id.* To this end, Plaintiff alleges he experienced continuous (pervasive) harassment based on his race by Meyers—another resident—who in turn, used his role as HOA president to penalize Plaintiff. ECF No. 12 at 3. These facts are sufficient to state a hostile housing environment claim against Colony HOA.

*3. Retaliation under § 3617.*

Section 3617 of the FHA prohibits the "coercion, intimidation, threatening, or interference with any person in the exercise or enjoyment of rights protected by other provisions of the FHA." *Morris*, 104 F.4th at 1142 (cleaned up) (citing 42 U.S.C. § 3617). To state this claim, Plaintiff must allege "(1) [he] was engaged in an activity protected by the FHA; (2) the defendant subjected [him] to an adverse action causally linked with the plaintiff's exercise of a protected activity; and (3) the plaintiff suffered injury." *Elliot*, 2018 WL 2933467 at *19. "Protected activity covers many types of actions but must relate to a plaintiff exercising rights granted or protected by the [Fair Housing Act]." *Macon v. Proud Ground Org.*, No. 3:20-cv-01660-HZ, 2021 WL 3354157, at *6 (D. Or. July 30, 2021) (citing 42 U.S.C. § 3617) (internal quotation marks omitted). "Examples of 'protected activity' include advocating for fair housing rights, reporting discrimination to a public body, requesting a reasonable accommodation for a disability, or filing a complaint with a landlord or housing organization." *Id.* (collecting cases).

Plaintiff alleges he engaged in a protected activity by filing this civil suit, submitted to the Court on May 12, 2026, and raising an "objection" at the June 24, 2026 HOA meeting. More

specifically, Plaintiff says he objected to the HOA's pattern of citing Plaintiff without identifying a specific rule violation. ECF No. 12 at 3. Plaintiff claims Colony HOA retaliated against him by citing him again shortly after he expressed concerns at this meeting. Though these facts are slim, the Court finds Plaintiff offers sufficient facts at this stage of proceedings to facially state an FHA retaliation claim against Colony HOA.

b. <u>The Court Allows Plaintiff's Intentional Infliction of Emotional Distress Claim to Proceed; the Court Recommends Plaintiff's NRS 41.690 and Civil Conspiracy Claims be Dismissed with Prejudice</u>.

*1. Intentional Infliction of Emotional Distress ("IIED").*

To state this claim, Plaintiff must plead facts demonstrating: "(1) extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually suffered extreme or severe emotional distress; and (4) causation." *Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Manansingh v. United States*, Case No. 2:20-cv-01139-DWM, 2024 WL 1638638, at *3 (D. Nev. Apr. 15, 2024) (quoting *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (per curiam) (internal quotation marks omitted). "Liability for emotional distress will not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Candelore v. Clark Cnty. Sanitation Dist.*, 975 F.2d 588, 591 (9th Cir. 1992) (quoting Restatement (Second) of Torts § 46 cmt. d (1965).

Plaintiff alleges that Meyers engaged in extreme and outrageous conduct by repeatedly "confronting … [him] with racial slurs, threatening language, and hostile gestures" four to five times per week over a two year period. ECF No. 12 at 7. Although threats and insults are generally not enough to state an IIED claim, the repetitive nature of the conduct alleged by Plaintiff is sufficient to facially state this claim against Meyers.

*2. NRS 41.690.*

This statute "provides a cause of action for any person injured as a result of the willful violation of over 50 enumerated criminal statutes, if the perpetrator was motivated by certain characteristics of the injured person, including the person's race." *Guillen v. B.J.C.R, L.L.C.*, Case

No. 3:20-cv-00317-ART-CSD, 2024 WL 2138338, at *6 (D. Nev. Mar. 31, 2023). Plaintiff identifies harassment as the basis for his claim (ECF No. 1-1 at 5), a crime under Nevada law if a person engages in "any act which is intended to substantially harm the person threatened or any other person with respect to his or her physical or mental health or safety; and the person by words or conduct places the person receiving the threat in reasonable fear that the threat will be carried out." NRS 200.571.

Plaintiff alleges that Meyers violated NRS 200.571 when he told Plaintiff "I own you" causing Plaintiff to fear for his safety. ECF No. 12 at 6. Plaintiff further contends Meyers' repeatedly uttered similar racial slurs multiple times a week over a two year period. ECF No. 12 at 6-7. Viewing the facts alleges liberally and in favor of Plaintiff, the Court finds that while Plaintiff's allegations, if true, are grossly inappropriate, Plaintiff fails to state a claim under NRS 41.690 based on criminal harassment. Plaintiff does not identify a "threat" that he reasonably feared would be "carried out" by Meyers. The facts, while clearly upsetting and even awful, do not establish that the use of racial slurs (even the use of the word "boy" which harkens to dark times in American history) are enough to state this claim. In the absence of a willful violation of a Nevada criminal statute, the Court recommends this claim be dismissed with prejudice.

*3. Civil Conspiracy.*

To state a claim for civil conspiracy in Nevada, Plaintiff must allege "two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (1983) (citations omitted). Under Nevada law, "an agent cannot conspire with its principal when the agent acts in its official capacity on behalf of the principal." *Iovino v. Amtrust Fin. Servs., Inc*, Case No. 2:22-cv-01974-APG-NJK, 2024 WL 2836111, at *4 (D. Nev. June 4, 2024). Plaintiff alleges that Meyers, as President of Colony HOA, conspired with the HOA to violate the FHA. ECF No. 12 at 5-6. However, Meyers is an agent for the entity given his role as president. *See e.g.* Restatement (Third) Of Agency § 1.01 (2006). Thus, Plaintiff cannot state a civil conspiracy claim based on his allegation that Meyers, acting in his capacity as president of Colony HOA, conspired with the entity itself. ECF No. 12 at 5-6. The Court recommends this claim be dismissed with

prejudice. The Court previously screened this claim and gave Plaintiff the opportunity to amend. While Plaintiff pleaded additional facts allowing the Court to understand the claim he seeks to bring, the theory he advances fails as a matter of law.

**IV. Order**

Accordingly, IT IS HEREBY ORDERED that the following claims may proceed:

- Plaintiff's FHA Discrimination Claim against Meyers and Colony HOA;
- Plaintiff's Hostile Housing Environment Claim against Colony HOA;
- Plaintiff's Retaliation Claim against the HOA; and
- Plaintiff's IIED Claim against Meyers and the HOA.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff one USM-285 form to Plaintiff who **must** return the form no later than **November 9, 2026** to:

Marshal Schofield
U.S. Marshal, District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. S., Suite 2058
Las Vegas, Nevada 89101

Plaintiff is advised to review the Nevada Secretary of State Business Entity Search website for the Colony Homeowners Association's registered agent upon whom service of his Amended Complaint must be served.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for Ricky Meyers and the Colony Homeowners Association and deliver the same, together with two copies of Plaintiff's Amended Complaint (ECF No. 12), and two copies of this Order to the U.S. Marshal Service for service on Defendants.

IT IS FURTHER ORDERED that the U.S. Marshal Service must attempt service on Defendants no later than twenty-one (21) days after it receives the USM-285 from Plaintiff, and the summons, Amended Complaint, and this Order from the Clerk of Court.

IT IS FURTHER ORDERED that Plaintiff's failure to comply with the return of the USM 285 may result in a recommendation to dismiss this case in its entirety without prejudice.

**V. Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's NRS 41.690 and common law civil conspiracy claims be DISMISSED with prejudice.

Dated this 20th day of October 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).